IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COPAR PUMICE COMPANY, INC.,

        Plaintiff,

vs.                                                                                                 No. CIV 07-79 JB/ACT

ALLAN MORRIS, in his individual capacity,
DAVID YANTOS, in his individual capacity,
MARY UHL, in her individual capacity,
DEBRA McELROY, in her individual capacity,
and RON CURRY, in his official capacity as
Secretary of the New Mexico Environment
Department,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss, filed June 24, 2007 (Doc. 26) ("Motion to Dismiss"). The primary issues are: (i) whether the Court should dismiss all claims arising under the Fourteenth Amendment because the Plaintiff, Copar Pumice Company, Inc., is seeking specific relief under the Fourth Amendment; and (ii) whether the Court should dismiss all claims for relief against the New Mexico Environment Department ("NMED") because of Eleventh Amendment immunity. Because the Court believes that Copar Pumice has properly alleged a claim for violation of its Fourth Amendment rights by state officials with its reference to the Fourteenth Amendment, and because Copar Pumice has recently filed an Amended Complaint, on July 3, 2007, that alleges a violation of its equal-protection rights under the Fourteenth Amendment, the Court will deny the motion to dismiss the Fourteenth Amendment claims. See Complaint for Violation of Civil Rights, ¶ 1, at 1, filed January 23, 2007 (Doc. 1) ("Complaint"); Amended Complaint for Violation of Civil Rights ¶¶ 27-32, at 5-6, filed July 3, 2007

(Doc. 36) ("Amended Complaint").  Because, however,  the Complaint seeks relief against the NMED, and the Eleventh Amendment prohibits the Court from granting such relief, the Court will grant the motion in part and dismiss those portions of the Complaint that seek such relief.

## ALLEGATIONS IN THE COMPLAINT

Copar Pumice is "engaged in the business of pumice mining" and, on August 28, 2006, was "mining pumice at a mine on United States Forest Service lands in the area of Jemez Springs, New Mexico." Complaint ¶ 4, at 2.  On that date, two NMED Air Quality Bureau employees, Defendants Allan Morris ("Morris") and David Yantos ("Yantos"), "entered lands leased by Copar from the United States Forest Service and on which Copar was operating a screening plant," and "without permission or authority from Copar and without a warrant, Morris and Yantos seized business records belonging to Copar." Id. ¶¶ 8, 10, at 2.  Morris and Yantos then "removed the records from [. . .] Copar's possession and control." Id. ¶ 10, at 2.  The actions of the two Air Quality Bureau employees "were taken pursuant to a policy or procedure of NMED and were condoned and approved by [Ron] Curry as Secretary of the Department." Id. ¶ 11, at 3.

## PROCEDURAL BACKGROUND

Paragraph 1 of Copar Pumice's initial Complaint, filed on January 23, 2007, states:

> This is a civil rights action filed pursuant to 42 U.S.C. § 1983 seeking redress for violations of the Fourth and Fourteenth Amendments of the United States Constitution and Article 2 Section 10 of the New Mexico Constitution.  Plaintiff seeks monetary damages against the individual defendants, and declaratory and prospective relief against the New Mexico Environment Department:

Complaint ¶ 1, at 1.  Copar Pumice thus brought suit under 42 U.S.C. § 1983 against Morris and Yantos, and against the Secretary of the NMED, Ron Curry ("Curry"), in his official capacity.  See Complaint ¶¶ 1, 5, 6, 7, at 1-2.  Copar Pumice has not specifically named the NMED as a defendant.

Nevertheless, as paragraph 1 indicates, the Complaint seeks relief against the NMED. See id. ¶¶ 1, 19, at 1, 4; Complaint, Prayer for Relief ¶ 4, at 4.

Copar Pumice seeks to assert claims under the Fourth and Fourteenth Amendments to the United States Constitution. See Complaint ¶ 1, at 1. Specifically, Copar Pumice alleges that Morris and Yantos' actions violated Copar Pumice's rights under the Fourth and Fourteenth Amendments of the United States Constitution. See id. ¶ 16, at 3. Copar Pumice also seeks to bring claims under the New Mexico Constitution. See id. ¶ 1, at 1.

Copar Pumice seeks actual, nominal, and punitive damages against Morris and Yantos, in their individual capacities, for their alleged violation of "Copar's constitutional right to be free of unreasonable searches and seizures." Id. ¶¶ 17, 18, at 3. Copar Pumice also seeks "prospective injunctive relief against NMED enjoining the Department from engaging in warrantless searches and seizures of permittee's records," and enjoining the NMED from using or relying upon the records which were seized "for any purpose and in any proceeding." Id. ¶ 19, at 4; Complaint, Prayer for Relief ¶ 4, at 4.

Because Copar Pumice asserted allegations concerning the violation of the Fourteenth Amendment and prospective relief against the NMED, the Defendants on June 24, 2007, filed a motion to dismiss, seeking dismissal of any and all possible claims under the Fourteenth Amendment, and dismissal of all claims for injunctive relief against the NMED. See Motion to Dismiss ¶ 4, 5, at 2. The Defendants move to dismiss portions of the Complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. See id., at 1. First, the Defendants seek dismissal of any and all claims brought under the Fourteenth Amendment to the United States Constitution on the grounds that Copar Pumice fails to state an equal protection, substantive due process, or

procedural due process claim. See id. ¶ 4, at 2. The Defendants also seek dismissal of any and all claims for relief alleged against the NMED because it is not a named party. See id. ¶ 5, at 2. Finally, the Defendants seek dismissal of specific claims for prospective injunctive relief against the NMED on the basis of Eleventh-Amendment immunity. See id. ¶ 6, at 2.

On July 2, 2007, the Court entered an order granting Copar Pumice's Stipulated Motion to Amend its Complaint, and on July 3, 2007, nine days after the Defendants filed this motion, Copar Pumice filed its Amended Complaint for Violations of Civil Rights. The Amended Complaint added a number of allegations and two additional parties, including a count for violation of the Fourteenth Amendment's equal protection clause. See Amended Complaint, at 2-6. The Amended Complaint, however, is not the subject of the Defendants' motion.

In response to this motion, Copar Pumice concedes that, even though there are specific allegations that suggest otherwise, "Copar did not intend to state a claim under the Fourteenth Amendment" and that "prospective injunctive relief is not sought against NMED," but against Curry in his official capacity as Secretary of the NMED. Plaintiff's Response to Defendants' Motion to Dismiss, at 2, 3, filed July 9, 2007 (Doc. 37) ("Plaintiff's Response"). By way of explanation, Copar Pumice contends that "[i]t was a matter of pleading [. . .] that Copar cited the Fourteenth Amendment in conjunction with the Fourth Amendment for its claim that the Defendants violated Copar's right against unreasonable searches and seizures," and that "[a]ny pleadings that reference the NMED are for contextual purposes only." Id.

## STANDARD FOR DECIDING MOTIONS TO DISMISS

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337,

340 (10th Cir. 1994). Rule 12(b)(6) provides, in relevant part, that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. Fed. R. Civ. P. 12(b)(6). Consequently, the Court may dismiss a cause of action for failure to state a claim where it appears to a certainty that the plaintiff can prove no set of facts supporting its claim that would entitle it to relief. See Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir. 1973). A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The sufficiency of a complaint is a question of law, and when considering a motion to dismiss, the court must assume as true all well-pleaded facts, drawing all reasonable inferences in favor of the plaintiff. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

## LAW REGARDING ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution bars suit in federal courts against an unconsenting state, its instrumentalities, and its agencies. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988). 42 U.S.C. § 1983 does not abrogate a state's sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 345 (1979). Moreover, a state is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Whether the Eleventh Amendment protects a state agency such as the NMED as an arm of the State of New Mexico is determined by examining the agency's powers, nature, and

characteristics as determined by state law. See Meade v. Grubbs, 841 F.2d at 1525 (citing Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). The NMED is an agency of the State of New Mexico, is created pursuant to state law, and is statutorily defined as the "department of the environment." 1978 N.M.S.A. § 9-7A-4 (2007); Complaint ¶ 7, at 2. As a department of the government of the State of New Mexico, the NMED is a "state agency." 1978 N.M.S.A. §§ 6-3-1, 6-3-9 (2007). The NMED is statutorily responsible for environmental management, and is required to maintain, develop, and enforce rules and standards in a variety of areas, including air quality management, as provided in the Air Quality Control Act. See 1978 N.M.S.A. § 74-1-7A(4) (2007); Espinosa v. Roswell Tower, Inc., 121 N.M. 306, 310, 910 P.2d 940, 944 (1995)(stating that the NMED is responsible for air quality management and is authorized to exercise all powers reasonable and necessary to accomplish statutory duties).

A plaintiff may seek prospective equitable relief against a state official for alleged ongoing violations of federal law, even where the state itself is immune. See Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior, 160 F.3d 602, 607-608 (10th Cir. 1998), cert. denied, 119 S.Ct. 1255 (1999). "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under Section 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Hafer v. Melo, 502 U.S. 21, 27 (1991) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989)). This exception to the Eleventh Amendment was carved out in Ex Parte Young, 209 U.S. 123 (1908),"based in part on the premise that sovereign immunity bars relief against States and their officers in both state and federal courts, and that certain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the land." Alden v. Maine, 527 U.S.

706, 747 (1999).

This exception to the Eleventh Amendment immunity thus permits suits for prospective injunctive relief against state officials acting in violation of federal law. State officers sued in Ex Parte Young cases must have a particular duty to "enforce" the laws, policies, or procedures in question and a demonstrated willingness to exercise that duty. See Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 828 (10th Cir. 2007).

## LAW REGARDING THE FOURTEENTH AMENDMENT

The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Fourth Amendment was incorporated and applied to the states by way of the Due Process Clause of the Fourteenth Amendment. See Mapp v. Ohio, 367 U.S. 643, 655 (1961).

Where a plaintiff's rights are protected by a specific provision of the Constitution, such as the Fourth Amendment, then a Fourteenth Amendment claim for substantive due process cannot be brought. See Graham v. Connor, 490 U.S. 386, 395 (1989). Because the Fourth Amendment specifically protects against unreasonable searches and seizures, and because it provides an explicit textual source of constitutional protection against intrusive governmental conduct, the Fourth Amendment, not the more generalized notion of "substantive due process," must apply. See id.

## ANALYSIS

The Defendants do not meet the burden necessary to succeed under rule 12(b)(6) for

dismissal of the claim under the Fourteenth Amendment. Because the Fourth Amendment is applicable to the state officials by its incorporation through the Due Process Clause of the Fourteenth Amendment, Copar Pumice properly referenced the Fourteenth Amendment in its Complaint. Copar Pumice may not, however, bring claims for relief against the NMED in federal court.

**I.      COPAR PUMICE HAS STATED A CLAIM UNDER THE FOURTEENTH AMENDMENT.**

The Defendants argue that the Court should dismiss any claims in Copar Pumice's Complaint for Violation of Civil Rights under the Fourteenth Amendment to the United States Constitution for failure to state a claim. See Motion to Dismiss ¶ 4, at 2. The Defendants contend that a review of Copar Pumice's allegations shows, as a matter of law, that Copar Pumice has failed to state a Fourteenth-Amendment equal-protection or procedural due-process claim. See Memorandum in Support of Defendants' Motion to Dismiss, at 3, filed June 24, 2007 (Doc. 27 ). The Defendants note that there are no allegations of an equal-protection or procedural due-process violation. See id. Moreover, Copar Pumice's allegations of unreasonable search and seizure cannot form the basis of a Fourteenth-Amendment substantive due-process claim. See Graham v. Connor, 490 U.S. at 395.

The Defendants' argument that the Court must dismiss any claims raised under the Fourteenth Amendment does not have a sound legal or factual basis. The Defendants' argument that Copar Pumice fails to state a claim under the Fourteenth Amendment to the United States Constitution is based upon a misunderstanding or misreading of the Complaint. Copar Pumice seeks relief as a result of an allegedly unreasonable search and seizure under the "Fourth and Fourteenth Amendment to the United States Constitution." Complaint ¶ 1, at 1. It was, therefore, a matter of

correct pleading that Copar Pumice cited the Fourteenth Amendment in conjunction with the Fourth Amendment for its claim that the Defendants violated Copar Pumice's right against unreasonable searches and seizures.

In its response, Copar Pumice confirms that it did not intend to state a claim under the Fourteenth Amendment alone in its initial pleading. See Plaintiff's Response, at 2. Thus, there are no sound grounds for the Defendants' rule 12(b)(6) motion on the Complaint's allegations under the Fourteenth Amendment.

The Defendants argue that this issue is now moot in light of the fact that Copar Pumice has filed an Amended Complaint. See Defendants' Reply in Support of Motion to Dismiss, at 2, filed July 17, 2007 (Doc. 41). Copar Pumice adds a claim in their Amended Complaint for violation of the Fourteenth Amendment's equal-protection clause. See Amended Complaint ¶¶ 27-32, at 5-6. The Defendants cannot, however, prospectively seek to bar claims that are raised subsequently and are outside the four corners of the pleading attacked in the motion. See Garcia v. Johnson, 64 F.3d 669, (Table), 1995 WL 492879, *4 (10th Cir. Aug. 18, 1995)(unpublished)(limiting the scope of a motion under rule 12(b)(6) to the sufficiency of the four corners of the complaint).[1] The Court will thus not decide any issue related to the new pleading.

---

[1] Before January 1, 2007, this order and judgment was not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria, and the rules therefore allow citation to this unpublished decision. Moreover, after January 1, 2007, "[t]he citation of unpublished decisions is permitted to the full extent of the authority found in Fed. R. App. P. 32.1. Unpublished opinions are not precedential, but may be cited for their persuasive value. They may also be cited under the doctrines of law of the case, claim preclusion and issue preclusion." 10th Cir. R. 32.1.

Copar Pumice properly stated a claim under the Fourteenth Amendment in its initial complaint. The Court will not dismiss this claim. The Court cannot now bar Fourteenth Amendment claims that Copar Pumice did not raise in the initial Complaint.

## II.     THE COURT WILL DISMISS THE INJUNCTIVE RELIEF CLAIMS AGAINST THE NMED PURSUANT TO THE FOURTEENTH AMENDMENT.

The Defendants also contend that the Court should dismiss any claims against the NMED for prospective relief by virtue of the Eleventh Amendment to the United States Constitution. See Motion to Dismiss, at 2. Copar Pumice has not named the NMED as a defendant nor as a party. In addition, Copar Pumice states that any pleadings that reference the NMED are for contextual purposes only. See Plaintiff's Response, at 3. Copar Pumice maintains that prospective injunctive relief is not sought against the NMED, but rather against Curry, who, in his official capacity as Secretary, has a "duty" to oversee and enforce the laws, policies, and procedures, and the conduct of its employees. Id.

The Defendants continue to seek the Court's order to the effect that, as a matter of law, Copar Pumice cannot secure the specific relief it requests in its prayer for relief. In its initial Complaint, Copar Pumice specifically seeks relief against the NMED in the form of prospective injunctive relief enjoining the NMED from engaging in warrantless searches and seizures of permittee's records, and enjoining the NMED from using or relying upon the records which were seized for any purpose and in any proceeding. See Complaint ¶ 19, at 4; Complaint, Prayer for Relief ¶ 4, at 4. The Defendants' argument that the Eleventh Amendment bars Copar Pumice's claims for injunctive relief against the NMED is consistent with established law.

Copar Pumice's response to the motion to dismiss concedes that it cannot obtain prospective relief against the NMED, but only against Curry in his official capacity. See Plaintiff's Response,

at 3.  Copar Pumice admits that the NMED is "an agency of the State of New Mexico."  Complaint ¶ 7, at 2.  As an arm of the state, the NMED is entitled to Eleventh Amendment immunity and cannot be sued in federal court.

Consequently, the Court will dismiss any and all claims or allegations in Copar Pumice's Complaint that seek prospective injunctive relief against the NMED.  In particular, the Eleventh Amendment forecloses Copar Pumice's attempt to prevent the NMED from using or relying upon any and all documents that the NMED obtained as a result of its inspection of the Copar Pumice mine on August 28, 2006.

The Defendants do not contend that the NMED is an indispensable and necessary party to this case.  There is the suggestion in their briefing, however, that, in effect, the claims raised by Copar Pumice are against the State of New Mexico.  Almost one hundred years of legal precedent forecloses any such argument, and this argument cannot form a basis for raising a rule 12(b)(6) motion to preclude prospective relief against Curry.  The Eleventh Amendment does not bar prospective injunctive relief when sought against the official who has a duty to oversee the NMED.

**IT IS ORDERED** that the Defendants' Motion to Dismiss is granted in part and denied in part.  The Plaintiff is prohibited from obtaining the relief requested in paragraph 4 of its prayer for relief of its original complaint to the extent that it seeks "judgment against the Defendants [. . .] for prospective injunctive relief enjoining NMED from interfering with Copar's privacy rights and right to be free from unreasonable searches and seizures and enjoining NMED from using or relying upon the records which were unlawfully seized for any purpose and in any proceeding."  The motion is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Holly A. Hart
Kristin L. Davidson
 Scheuer, Yost & Patterson
Santa Fe, New Mexico

   *Attorneys for the Plaintiff*

Jerry A. Walz
 Walz and Associates
Cedar Crest, New Mexico

   *Attorneys for the Defendants*