IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COPAR PUMICE COMPANY, INC.,

        Plaintiff,

vs.                                                                                                          No. CIV 07-79 JB/ACT

ALLAN MORRIS, in his individual capacity,
DAVID YANTOS, in his individual capacity,
MARY UHL, in her individual capacity,
DEBRA McELROY, in her individual capacity,
and RON CURRY, in his official capacity as
Secretary of the New Mexico Environment
Department,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss on the Basis of Younger Abstention, filed June 25, 2007 (Doc. 30) ("Motion to Dismiss"). The Court held a hearing on this motion on September 19, 2007. The primary issue is whether the Court should dismiss Copar Pumice's claims under the Younger abstention doctrine. Because the Court believes that it can decide the federal issues independent of the state issues, because the state administrative proceeding is not a proper forum for Copar Pumice to raise its Fourth Amendment issue, and because the administrative agency is incapable of awarding the monetary damages sought by the Plaintiff, the Court will deny the motion to dismiss on the basis of the Younger Doctrine.

## RULE 12(b)(6)

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337,

340 (10th Cir. 1994). Rule 12(b)(6) provides, in relevant part, that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. Fed. R. Civ. P. 12(b)(6).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation omitted). "[T]he Supreme Court recently [. . .] prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.2007)(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1967, 1969 (2007)). "The Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974.)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177. The sufficiency of a complaint is a question of law, and when considering a motion to dismiss, the court must assume as true all well-pleaded facts, drawing all reasonable inferences in favor of the plaintiff. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006);

Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

## YOUNGER ABSTENTION DOCTRINE

Under the abstention doctrine that the Supreme Court of the United States articulated in Younger v. Harris, 401 U.S. 37 (1971), "federal courts should not 'interfere with state court proceedings' by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings" when the state forum provides an adequate avenue for relief. Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001) (quoting Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir.1999)). This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs." J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir.1999) (quoting Seneca-Cayuga Tribe v. Oklahoma, 874 F.2d 709, 711 (10th Cir.1989)).  Under the Younger abstention doctrine, a federal court must abstain from hearing an action if three conditions are met: (i) there is an ongoing state proceeding; (ii) the state court provides an adequate forum to hear the claims raised in the subsequent federal complaint; and (iii) the state proceedings involve important state interests or matters which traditionally look to state law for their resolution, or implicate separately articulated state policies. See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003).

"Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." Id.  Abstention, however, remains "the exception, not the rule." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d at 1215.  The Supreme Court cautions that the "doctrine of abstention [. . .] is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it."

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).

The Younger abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The Supreme Court stated that Younger abstention is grounded in

> the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

See Younger v. Harris, 401 U.S. at 44. When determining if a Younger abstention is proper, however, a court must keep in mind that, in the context of a § 1983 action, the Supreme Court expressly held that claimants need not avail themselves of state judicial and administrative remedies before going to federal court. See Patsy v. Florida Bd. of Regents, 457 U.S. 496, 533 (1982).

## ANALYSIS

Copar Pumice seeks basically two forms of relief: (i) money damages for the alleged Fourth Amendment violation; and (ii) an injunction enjoining the New Mexico Environment Department's officers and employees from using the documents seized. The administrative proceeding does not provide any prospect of money damages for constitutional violations. On the other hand, few actions would be more intrusive in the state administrative proceeding than the federal court enjoining the use of certain evidence.

**1. The Administrative Proceeding Does Not Provide an Adequate Remedy for the Alleged Fourth Amendment Violations.**

The question whether the Younger abstention doctrine applies to this situation turns on the question whether the state administrative proceeding provides Copar Pumice with an adequate forum

to hear the claims it seeks to raise in federal court. The Court believes, and both parties conceded as much, that the state administrative proceeding does not provide Copar Pumice with an adequate forum to raise its Fourth Amendment claim. See Transcript of Hearing at 6:16-20 (taken Sept. 19, 2007)(Walz)("Tr."); Tr. 15:12-18 (Davidson).[1] When asked by the Court during the September 19, 2007 hearing, the Defendants' counsel stated; "I do not know of any venue in the administrative proceeding as it stands right now on September 19th where they [Copar Pumice] could go and file some type of constitutional challenge to the obtaining of the documents by Mr. Morris and Mr. Yantos at the Copar mining site." Tr. at 6:16-20 (Walz).

Copar Pumice alleges that the sole purpose of the administrative proceeding is to deal with the emission violations committed by Copar Pumice. See Plaintiff Copar Pumice Company, Inc.'s Memorandum in Opposition to Defendant's Motion to Dismiss on the Basis of Younger Abstention, at 15, filed July 16, 2007 (Doc. 38)("Plaintiff's Memo"). The NMED, the administrative agency involved in this suit, has the power to regulate the environment. In the context of Copar's permit pursuant to the Air Quality Control Act, the NMED has the power to prevent or abate air pollution. See NMSA 1978, § 74-2-5; Pub. Serv. Co. v. New Mexico Env't Improvement Bd., 89 N.M. 223, 226-27, 549 P.2d 147, 151 (1976)("Administrative bodies are the creatures of statutes. As such they have no common law or inherent powers and can act only as to those matters which are within the scope of the authority delegated to them.").

The Supreme Court of New Mexico has held that, when a party raises a constitutional issue in an administrative process, "[o]rderly procedure and speedy disposition of the matter dictate

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

bypassing of an administrative agency which has no power to pass upon the constitutionality." Sandia Savings and Loan Ass'n v. Kleinheim, 74 N.M. 95, 99, 391 P.2d 324, 327 (1964) (holding that an administrative procedure which provides for the state tax commission to hear a protest of a valuation is inadequate to pass upon the constitutionality of a claim). Because the NMED does not provide a proper forum for Copar Pumice to allege its Fourth Amendment claim and seek monetary damages, and because both parties conceded at the September 19, 2007 hearing that the administrative proceeding did not provide such a forum, the second prong of the Younger test has not been met, and the Court will not abstain from proceeding with this suit in federal court. See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d at 1215 (noting that the second prong is met if "the state court provides an adequate forum to hear the claims raised in the subsequent federal complaint").

Furthermore, the Court's decision to proceed with the litigation of this case will not interfere with, or impede, the state administrative proceeding. The issues presented to the NMED in the administrative proceeding deal with emission compliance and specific emission violations committed by Copar Pumice. The issues that Copar Pumice is bringing before the Court deal with the violation of its Fourth Amendment rights by Defendants David Yantos and Allan Morris, and its request for monetary damages for the alleged violation. At this point in the litigation, and based on the parties' representations to the Court, these issues appear to be separate and distinct such that parallel proceedings in this Court and in the state administrative agency are appropriate.

## 2. **The Court Need Not Address the Request for Injunctive Relief Before Trial.**

The Court acknowledges, however, that a Younger issue will likely arise if Copar Pumice pursues the request in its Complaint that the Court grant it equitable relief by issuing an injunction

against the state administrative agency to desist from using as evidence the documents that were allegedly seized in violation of Copar Pumice's Fourth Amendment rights. During the hearing, the Court cautioned Copar Pumice that the request for such an injunction raises sensitive federalism issues. See Tr. at 19:5-7 (Court). When asked by the Court, Copar Pumice specifically stated, on the record, that it did not have any intention of filing for such injunctive relief before trial on its damages claim. See Tr. 21:4-6 (Court & Davidson).

At this time, therefore, the Court need not consider whether abstention may be necessary if Copar Pumice requests injunctive relief after the trial begins. While there is a request for injunctive relief in the Complaint, Copar Pumice is not pursing it at this time. The Court need only determine at this stage that, given the present circumstances, the state administrative proceeding does not provide an adequate forum for Copar Pumice's Fourth Amendment claim and request for monetary damages, and thus abstention is not required under the Younger doctrine.

The Court further notes that the Defendants' counsel indicated to the Court, at the September 19, 2007 hearing, that he agreed with the Court's decision to move forward with the federal case while acknowledging that an abstention issue would arise if Copar Pumice sought injunctive relief, at a future point, from the federal court. Defense counsel stated, that the "Younger abstention would be applicable unless the court carves out [an] order as we have discussed here during oral argument which I think would be satisfactory to the defendant and also let the case proceed forward in federal court." Tr. at 13:10-14 (Walz).

**IT IS ORDERED** that the Motion to Dismiss on the Basis of Younger Abstention is denied. The Court will proceed to hear this case until such time further abstention issues are squarely raised and need to be resolved.

                                                                                                              _____
                                                                                                              UNITED STATES DISTRICT JUDGE

Counsel:

Holly A. Hart
Kristen L. Davidson
  Scheuer, Yost & Patterson
Santa Fe, New Mexico

     *Attorneys for the Plaintiff*

Jerry A. Walz
  Walz and Associates
Cedar Crest, New Mexico

     *Attorneys for the Defendants*