IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COPAR PUMICE COMPANY, INC.,

                Plaintiff,

vs.                                          No. CIV 07-0079 JB/ACT

ALLAN MORRIS, in his individual capacity,
DAVID YANTOS, in his individual capacity,
MARY UHL, in her individual capacity,
DEBRA MCELROY, in her individual capacity,
and RON CURRY, in his individual capacity as
Secretary of the New Mexico Environment
Department,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion in Limine to Exclude Robin Piazza's Alleged Falsification of Records Created After the Search and Seizure at Issue, filed June 26, 2009 (Doc. 99); and (ii) the New Mexico Environment Department Defendants' Motion in Limine, filed June 26, 2009 (Doc. 100)("Defendants' Motion"). The Court held a hearing on July 2, 2009. The primary issues are: (i) whether the Court should exclude evidence that an employee of Plaintiff Copar Pumice Company, Inc. falsified documents; (ii) whether the Court should limit the scope of the evidence and damages claims to the search of Copar Pumice's business office; (iii) whether the Court should abstain at least in part under the Younger[1] doctrine; and (iv) whether the Court should allow damages under the New Mexico Constitution. For the reasons stated at the hearing and further reasons consistent with those already stated, the Court will not exclude the evidence of alleged falsification, will not limit the scope of evidence and damages to the search of the business office, will not abstain, and, pursuant to Copar Pumice's concession, will not allow

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

Copar Pumice to seek damages for state constitutional violations.

## PROCEDURAL BACKGROUND

Copar Pumice moves the Court to exclude evidence or mention regarding it having allegedly falsified records created after the search that is at the heart of this case. In their motion in limine, the Defendants move for the opposite result, asking that the Court admit such evidence on the grounds that the allegations are relevant to the damages that Copar Pumice seeks. Because of this overlap, the Court will decide both motions together. In addition to the admissibility of the falsification allegations, the Defendants also raise several other issues, asking that the Court limit the scope of evidence and damages, abstain on certain issues, and preclude Copar Pumice from seeking damages under the New Mexico Constitution.

## ANALYSIS

At the hearing, the Court gave its inclinations on many of the issues. After further consideration, the Court will hew to its initial inclinations. The Court will not exclude the evidence of alleged falsification, will not limit the scope of evidence and damages to the search of the business office, will not abstain, and, pursuant to Copar Pumice's concession, will not allow Copar Pumice to seek damages for state constitutional violations.

**I.    THE COURT WILL NOT EXCLUDE EVIDENCE THAT COPAR PUMICE ALLEGEDLY FALSIFIED RECORDS RELATING TO HOURS OF OPERATION.**

Copar Pumice asks that the Court exclude evidence that a Copar Pumice employee may have falsified records relating to Copar Pumice's hours of operation. According to Copar Pumice, both the records and the letter asserting the records were falsified were created after the August 28, 2006 search and seizure on which the claims in this case are based. Copar Pumice acknowledges that a penalty assessed against it was increased because of the alleged falsification, but states that it is not

seeking to recover damages for that increase. Contending that records the Copar Pumice employee allegedly falsified provided the basis for the initial penalty, the Defendants request that the Court allow them to present the evidence.

At the hearing, the Court clarified with Copar Pumice's counsel, Joseph Manges, what damages were being sought. Mr. Manges stated that Copar Pumice was not seeking damages for the increase in the penalty that was imposed because of falsification, but was still seeking damages for the underlying assessment for not producing operational records. See Transcript of Hearing at 6:4-17 (Court & Manges)(taken July 2, 2009)("Tr.").[2] If Copar Pumice were not seeking any damages arising from this issue, the Court would be more inclined to exclude the evidence. Copar Pumice's pursuit of damages for the underlying assessment, however, makes the later supposed falsification relevant. Moreover, the Defendants will apparently seek to argue that the falsified records were considered as part of the assessment. Even if evidence of impropriety came to light later, if that evidence of impropriety reflects on the evidence that was considered in assessing the initial penalty, that evidence would be relevant. While Copar Pumice is not seeking damages for a fine imposed directly because of falsification, Copar Pumice is seeking damages for a penalty that may have been levied at least in part on the basis of corrupted records. There may be a dispute between the sides whether this understanding is true, but resolution of that dispute is for the jury.

Copar Pumice argues that, even if the evidence is relevant, it is unfairly prejudicial and that the Court should be exclude the evidence under rule 403 of the Federal Rules of Evidence. The Court agrees that evidence about falsification of records can be inflammatory and is likely to generate some unfair prejudice. On the other hand, the Court believes that the evidence is relevant

---

[2] The Court's citations to the transcripts of the hearings refers to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

and is also not of marginal relevance. Once evidence is found relevant, the Court must balance the probative value against the unfair prejudice, but the rules place a heavy weight on the side of admissibility. See Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223, 1230 (10th Cir. 2006), overruled on other grounds by 128 S.Ct. 1140 (2008)("Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly. In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."). Weighing the probative value against the unfair prejudice, the Court cannot say that the evidence of falsification's "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Accordingly, the Court will not exclude the evidence, deny Copar's motion, and grant the Defendants' motion with respect to this issue.

## II.   THE COURT WILL NOT LIMIT THE EVIDENCE ON COPAR PUMICE'S DAMAGES TO THE SEARCH AND SEIZURE IN THE BUSINESS OFFICE.

In addition to the falsification issue, the Defendants raise a number of other issues in their motion. Two of those issues are related. The Defendants assert that the issues presented to the jury should be limited to entrance into Copar's business office and the seizure of twenty-four pages of records from that office and that, similarly, the Court should not allow Copar Pumice to seek damages from any other alleged violations.

In support of these contentions, the Defendants argue that the Complaint does not give notice that Copar Pumice is after damages for the search of its El Cajete Mine facility as a whole, as opposed to the search of the business office on site, and that, during a motion for summary judgment, Copar Pumice did not advance any arguments that would indicate the entire search was challenged. The Defendants assert that Copar is attempting to suddenly expand its claims on the eve of trial and that it would be prejudicial for the Court to allow this enlargement. Copar Pumice

counters that the Complaint, letters to the Defendants' counsel, and initial disclosures all made the scope of its allegations known to the Defendants long ago.

After reviewing the Complaint and the proceedings on the motion for summary judgment, the Court agrees with Copar Pumice. The Complaint emphasizes the entry into the business office and the seizure of records. See, e.g., Amended Complaint for Violation of Civil Rights ¶¶ 11-12, 24 at 3, 5, filed July 3, 2007 (Doc. 36). Despite this emphasis, the Complaint also alleges that the administrative penalties as a whole were assessed as a result of an unlawful search and seizure. See id. ¶ 16, at 3-4 ("The administrative penalty proceeding has resulted in the arbitrary and malicious assessment of substantial penalties against Copar which directly resulted from Copar's exercise of its constitutionally protected rights to object to the unlawful entry on its premises and seizure of its records in the administrative penalty proceeding and to file this lawsuit."). Moreover, the letter to the Defendants' counsel is clear that Copar Pumice is seeking damages for "the fees and expenses it has incurred in responding to the notices of violation and administrative penalty assessment." Letter from Holly A. Hart to Jerry A. Walz at 2 (dated March 29, 2007)(Doc. 107-4).

It is the scope of damages that is of particular importance here. In a case for a Fourth Amendment violation, the central issue is typically an initial alleged violation of the Constitution -- in this case an entry of the business office and seizure of records that are alleged to be unreasonable and without consent. Further facts about the scope of the search are generally important to damages, but not necessarily to the foundation of liability. Cf. Roybal v. City of Albuquerque, 2009 WL 1329834 at *18 (D.N.M.)(Browning, J.)(declining to address further issues of unlawful search because parties agreed damages were sought based on initial entry onto property). As a simple if exaggerated example: if a police officer illegally entered a home, it would not be important to liability whether the officer then took six further steps into the home, and no one would expect a

plaintiff to plead such facts. What is important, however, is that a defendant is made aware of what damages are being sought. To return to the earlier example, if the officer broke an expensive vase in the home after he entered and the plaintiff sought damages for it, that fact would need to be conveyed to the defendant at some point but it would not be natural to say that breaking the vase was a Fourth Amendment violation. The entry was the violation; breaking the vase a component of the damages stemming from the violation. Here, the Defendants have been long aware of the particular damages Copar Pumice seeks, and the underlying violation and the rudiments of the damages sought are in the Complaint. Thus, the Court does not see a sound reason for imposing the restrictions that the Defendants request.

Nor does the briefing and the oral argument on the Defendants' motion for summary judgment change the result. First, the scope of a motion for summary judgment is largely framed by the moving party, in this case the Defendants. While the focus of the briefing and the hearing were on the events surrounding the entry into the office, that focus is unsurprising given that the main issue was the initial liability. Nothing that the Court is able to glean from the briefing or from the hearing indicate that Copar was restricting its claims, and particularly its damages, to only the office search. If Copar had made such an affirmative representation, the result might be different, but the Court has not, after a careful survey of the hearing on Moore and Yantos' motion for qualified immunity, located any such representation. Indeed, the Court mentioned that there was evidence that the "inspection of the screening facility, including the trailers and the records maintained . . . pursuant to the permit, may have exceeded the scope of [Copar Pumice's] consent." Transcript of Hearing at 61:8-11 (Court)(taken September 19, 2007). The Court believes that the Defendants were put on adequate notice about the breadth of Copar Pumice's claims, and will therefore deny the Defendants' motion on the two requests to limit the scope of the evidence and

the damages.

### III.    THE COURT WILL NOT ABSTAIN UNDER THE YOUNGER DOCTRINE.

In a reprise of their earlier arguments on Younger abstention, the Defendants ask that the Court "preclude any testimony and evidence relating to the appropriateness of all penalties not related to the entry into the business office and the taking of the 24 pages of records." Defendants' Motion at 6.  They maintain that a hearing officer has yet to decide Copar Pumice's challenge to the assessment of penalties against it and that Copar Pumice has raised many of the constitutional claims being raised here in the administrative setting as well.  Copar Pumice argues that the Court has already held that Younger abstention is inapplicable here because the administrative proceedings do not provide an adequate remedy for constitutional violations and because the injunctive relief claim can be addressed post-trial.  Copar Pumice urges the Court to follow its earlier ruling.

In an earlier opinion, the Court held that it would not abstain under the Younger doctrine because it could separate the state and federal issues, and because the state administrative proceedings could not provide adequate relief.  See Memorandum Opinion and Order at 1, entered October 9, 2007 (Doc. 55).  Abstention under the Younger doctrine is appropriate when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  Brown v. Day, 555 F.3d 882, 887 (10th Cir. 2009)(internal quotation marks omitted).  Absent exceptional circumstances, abstention is mandatory when all three conditions are met, but abstention remains "'the exception, not the rule,' and hence should be 'rarely . . . invoked, because the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.'"  Id. (quoting Ankenbrandt v. Richards, 504

U.S. 689, 705 (1992))(alterations in Brown v. Day). Contending that Copar Pumice's raising its constitutional issues in the administrative proceeding eliminates the basis on which the Court denied abstention, the Defendants request that the Court now abstain. This new development does not persuade the Court to change its decision. The Defendants have not pointed the Court to any change in law, nor is there any other indication that Copar Pumice's attempts to raise federal issues in the administrative process are appropriate or might be successful. Neither party has shown, through exhibits or otherwise, how Copar Pumice has raised the issue. Accordingly, the Court is concerned that Copar Pumice is asking in the state proceeding that the state should reduce the penalties because of constitutional violations, an argument that assumes the violation rather than asks the administrative proceedings to decide the constitutional violation. Accordingly, the state proceeding is unlikely either to decide the constitutional violation or give any monetary relief for any violation. As far as the Court can tell, the administrative forum thus remains inadequate and unable to vindicate Copar Pumice's claims that its Fourth Amendment rights were violated.

As the Court mentioned at the hearing, some of the Defendants' contentions and concerns might be better analyzed under the doctrines of speculative damages and ripeness. Neither of these considerations, however, change the result. Speculative damages is a common state-law concept. See, e.g., Weyerhaeuser Co. v. Brantley, 510 F.3d 1256, 1267 (10th Cir. 2007)(applying Oklahoma's law on speculative damages). Federal law also may include such a prohibition, but even if it does, the Court does not view the damages here as being unduly speculative. Though it is appealing, Copar Pumice has been assessed penalty amounts, and it may well be able to show that its appeal will only reduce those amounts. Additionally, Copar Pumice has incurred various fees and costs associated with the proceedings. Such damages are not so "speculative, conjectural, or remote" that the Court will exclude them before trial begins. Guest v. Allstate Ins. Co., 2009-NMCA-037 ¶ 53,

205 P.3d 844, 862 (internal quotation marks omitted).

Ripeness is a jurisdictional requirement in federal court, and is related to standing. Unless a plaintiff has "suffered, or be[en] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," there is no case or controversy within the meaning of Article III. Tarrant Regional Water Dist. v. Sevenoaks, 545 F.3d 906, 910 (10th Cir. 2008)(internal quotation marks omitted). When evaluating ripeness, "the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." Initiative and Referendum Institute v. Walker, 450 F.3d 1082, 1098 (10th Cir. 2006)(internal quotation marks omitted). The Court believes that the damages claims here are ripe. While Copar Pumice's appeal remains unresolved, it has been assessed penalties and has incurred costs in defending itself. The contingency here seems more related to the possibility that Copar Pumice will be relieved of some of the penalties. That Copar Pumice has been assessed definite penalties is undisputed. There is some possibility that certain of these penalties might be reduced or even eliminated, but it is this possibility of Copar Pumice having reduced injuries that appears to be contingent in comparison with the fact that Copar Pumice currently is liable for those amounts. The situation might be analogized to an award of damages based on future medical expenses to a personal-injury plaintiff. See, e.g., Regenold v. Rutherford, 101 N.M. 165, 169-170, 679 P.2d 833, 837-38 (Ct. App. 1984)(stating that evidence of future medical expenses are admissible for proving damages if shown to a medical probability); 22 Am. Jur. 2d Damages §§ 185, 719 (updated 2009)(discussing future medical expenses). Such expenses may ultimately never materialize, but a plaintiff need not continue waiting year after year until he or she has no more medical expenses before filing a lawsuit. Perhaps a reduction or elimination of penalties might moot some of the damages claims Copar Pumice has, but until and unless that happens, there is a live controversy.

See Seneca-Cayuga Tribe of Oklahoma v. National Indian Gaming Comm'n, 327 F.3d 1019, 1028 (10th Cir. 2003)(discussing mootness).  The penalties assessed against Copar Pumice and the costs it has incurred in the administrative process are sufficiently definite to allow claims for damages based on those events to proceed to trial.  See Professional Service Industries, Inc. v. Kimbrell, 766 F.Supp. 1557, 1559-1560 (D.Kan. 1991)(finding that damages claims that included defense costs and threatened but not yet assessed Environmental Protection Agency fines were ripe). Accordingly, the Court will deny this aspect of the Defendants' motion.

**IV.    COPAR PUMICE CONCEDES THAT IT IS NOT PURSUING DAMAGES FOR VIOLATIONS OF THE NEW MEXICO CONSTITUTION, AND THE COURT WILL DECIDE ISSUES OF INJUNCTIVE RELIEF.**

The Defendants' final request is that the Court preclude Copar Pumice from seeking damages under the Constitution of New Mexico.  Copar Pumice responds that it seeks only injunctive relief and not monetary damages for any state constitutional violation.  While this concession addresses the Defendants' basic concern, it leaves open how the claim for an injunction should be tried.  At the hearing, the parties agreed that they would proceed by submitting to the Court a stipulation waiving their right to a jury trial on Count III of the Complaint, which seeks injunctive relief, and that instead the Court would decide that claim, with the parties submitting proposed findings and arguing how much, if any, deference the Court must give to the jury's conclusion on the federal constitutional issues.  See Tr. at 37:10-38:6 (Court, Manges & Walz). This approach is a sound one, and the Court will accept this method of dealing with the claim for injunctive relief.

**IT IS ORDERED** that: (i) the Plaintiff's Motion in Limine to Exclude Robin Piazza's Alleged Falsification of Records Created After the Search and Seizure at Issue is denied; and (ii) the New Mexico Environment Department Defendants' Motion in Limine is granted in part and

denied in part as explained in this memorandum opinion and order.

                                                            _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joseph E. Manges,
Comeau, Malgeden, Templeman & Indall, LLP
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Jerry A. Walz, Esq.
Walz and Associates
Cedar Crest, New Mexico

    *Attorneys for the Defendant*s