**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

COPAR PUMICE COMPANY, INC.,

                Plaintiff,

vs.                                                                                                        No. CIV 07-0079 JB/ACT

ALLAN MORRIS, in his individual capacity,
DAVID YANTOS, in his individual capacity,
MARY UHL, in her individual capacity,
DEBRA MCELROY, in her individual capacity,
and RON CURRY, in his individual capacity as
Secretary of the New Mexico Environment
Department,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Copar Pumice Company, Inc's objection to the jury instructions during the trial on July 7, 2009. The primary issue is whether, in civil litigation under 42 U.S.C. § 1983, the plaintiff bears the burden of proving whether an exception to the warrant requirement does not apply. Because the Court believes that placing this burden on the plaintiff is more consistent with the case law in the United States Court of Appeals for the Tenth Circuit and of the majority of other circuits, as well as with basic principles of civil litigation, the Court will overrule the objection.

**PROCEDURAL BACKGROUND**

During a discussion over jury instructions, the parties raised the issue of the burden of proof in a § 1983 case. According to Plaintiff Copar Pumice Company, Inc., when a search is conducted without a warrant, exceptions to the warrant requirement should be affirmative defenses, with the burden of proof being on the Defendants. The Defendants contend just the opposite, arguing that the law requires Copar Pumice to show that it did not consent to the search.

## **ANALYSIS**

The Tenth Circuit has not squarely held whether a defendant in a § 1983 case has the burden of proving that an exception to the warrant requirement applies. Two unpublished cases indicate, however, that the burden of proof remains with the plaintiff. Most directly, in Reid v. Hamby, 124 F.3d 217 (10th Cir. 1997)(unpublished), the Tenth Circuit stated: "A warrantless search of a residence gives rise to a presumption of unreasonableness. However, in a § 1983 civil rights suit where, as here, the defendant has come forward with evidence that the plaintiff consented to the search, the burden then falls upon the plaintiff to prove that no consent was given, or that the consent given was involuntary." Id. at *2. Recently, in Snider v. Lincoln County Bd. of County Comm'rs, 313 Fed.Appx. 85 (10th Cir. 2008), the Tenth Circuit found that the shifting burden in a criminal case, which requires the government to show in response to a motion to suppress that a warrant exception applies, will not suffice to defeat a qualified immunity motion in a civil case. See id. at 91-92.

The majority of the circuit courts that have directly addressed the issue have held that the burden remains with the plaintiff. The United States Court of Appeals for the Second, Fifth, Seventh, and Ninth Circuits have all reached this conclusion. See Valance v. Wisel, 110 F.3d 1269, 1278-79 (7th Cir. 1997); Larez v. Holcomb, 16 F.3d 1513, 1517-18 (9th Cir. 1994); Ruggiero v. Krzeminski, 928 F.2d 558, 562-63 (2d Cir. 1991); Crowder v. Sinyard, 884 F.2d 804, 824-26 (5th Cir.1989), cert. denied, 496 U.S. 924 (1990), abrogated on other grounds by Horton v. California, 496 U.S. 128 (1990). In the Second and Seventh Circuits, the lack of a warrant may give rise to a presumption of unreasonableness, requiring the defendant to produce at least some evidence that an exception applies, but "does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.'" Valance v. Wisel, 110 F.3d at 1279 (quoting Fed.R.Evid. 301). One

appellate court, the United States Court of Appeals for the Sixth Circuit, has reached a different result, placing the burden on the defendants, albeit with little discussion. See Tarter v. Raybuck, 742 F.2d 977, 980-81 (6th Cir. 1984), cert. denied, 470 U.S. 1051 (1985).

The majority rule thus indicates that, in a civil case, the lack of warrant will, at most, create a presumption that a search was unreasonable. Although Tarter v. Raybuck is to the contrary, it gives little explanation for that decision,[1] but appears to follow the burdens from criminal cases. Every circuit since Tarter v. Raybuck was decided has reached a different result and, unlike Tarter v. Raybuck, these cases have engaged in analysis of the issue. Placing the burden on the plaintiff is also more in line with Tenth Circuit case law, even if those Tenth Circuit cases are unpublished. Moreover, the majority approach follows the general standard that a civil plaintiff has the burden of proving every element of its claim, which here includes a showing that Copar Pumice's constitutional rights were violated. If the Court shifted the burden to the Defendants, Copar Pumice would have to prove almost nothing -- only that no warrant was obtained -- while the burden on the genuine disputes in this case would fall on the Defendants. Almost any Fourth Amendment case under § 1983 would follow a similar pattern. Most such cases involve warrantless searches. It would be an odd result if § 1983 placed most of the burden in nearly every Fourth Amendment case on the defendants. Qualified immunity, which once asserted shifts the burden of showing that a

---

[1] Copar Pumice also points to Lopkoff v. Slater, 898 F.Supp. 767 (D. Colo. 1995), which also shifted the burden of proof to the defendant. See id. at 774-75 ("[T]he Defendants must show that a reasonable officer would have believed that exigent circumstances existed sufficient to allow a warrantless search, or that consent was obtained."); id. at 775 ("The burden is upon the government to prove that . . . exigent circumstances existed that made a warrantless entry necessary."); id. at 776 ("The government bears the burden of proof that consent was voluntary . . . ."). Again, however, the court does not explain its decision and cited criminal cases. See id. at 775 (citing United States v. Chavez, 812 F.2d 1295, 1298 (10th Cir. 1987)); Lopkoff v. Slater, 898 F.Supp. at 776 (citing United States v. Manuel, 992 F.2d 272, 275 (10th Cir. 1993)).

constitutional violation was committed and that the right violated was clearly established, further supports this approach.  There is evidence in the record that consent was given, so even if the Court requires the Defendants to meet a certain burden of production, they have done so.  The ultimate burden of proving that the consent exception does not apply will be Copar Pumice's to bear as the plaintiff.

**IT IS ORDERED** that Plaintiff Copar Pumice Company, Inc.'s objection to the jury instructions is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joseph E. Manges
John Indall
Comeau, Malgeden, Templeman & Indall, LLP
Santa Fe, New Mexico

>	*Attorneys for the Plaintiff*

Jerry A. Walz
Marcus Serna
Walz and Associates
Cedar Crest, New Mexico

>	*Attorneys for the Defendants*