## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

COPAR PUMICE COMPANY, INC.,

        Plaintiff,

vs.                                      No. CIV 07-0079 JB/ACT

ALLAN MORRIS, in his individual capacity,
DAVID YANTOS, in his individual capacity,
MARY UHL, in her individual capacity,
DEBRA MCELROY, in her individual capacity,
and RON CURRY, in his individual capacity as
Secretary of the New Mexico Environment
Department,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion and Memorandum Pursuant to Rule 60(a) to Correct Final Judgment, filed July 16, 2010 (Doc. 189)("Motion"). The Court held a hearing on this motion on August 24, 2010. The primary issue is whether the Court made a clerical error when it included Defendant Ron Curry's name on the Final Judgment as one of the parties liable for damages for violating Plaintiff Copar Pumice, Inc.'s constitutional rights. See Final Judgment, filed October 27, 2010 (Doc. 159). The Court concludes it made a clerical error. A review of the record supports the Court's conclusion that it committed a drafting error when it mistakenly listed Curry on the Final Judgment. In the Amended Complaint, Copar Pumice did not seek damages from Curry, or claim that he violated Copar Pumice's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, Section 10 of the New Mexico Constitution; Copar Pumice referred to Curry only in his official capacity and only in Copar Pumice's request for injunctive and declaratory relief. Furthermore, neither the jury nor the Court

found that Curry was liable for violating Copar Pumice's constitutional rights. The jury verdict form did not permit the jury to find Curry liable for violating Copar Pumice's constitutional rights, and the jury made no such finding. Additionally, Copar Pumice did not propose findings of fact or conclusions of law, and the Court did not make any findings or conclusions, that would support holding Curry liable for violating Copar Pumice's constitutional rights. Thus, no finding was made by the jury or Court on which liability against Curry could be based, and no evidence was presented that would support such a finding. Consequently, were the United States Court of Appeals for the Tenth Circuit to grant the Court leave to do so, the Court would correct the clerical error in its Final Judgment by striking Curry's name.

## **PROCEDURAL BACKGROUND**

On January 23, 2007, Copar Pumice filed a Complaint against Morris and Yantos in their individual capacities, and against Curry in his official capacity as Secretary of the New Mexico Environment Department ("NMED"). See Complaint for Violations of Civil Rights at 1, filed January 23, 2007 (Doc. 1). On July 3, 2007, Copar Pumice filed an Amended Complaint "seek[ing] monetary damages against the individual defendants, and declaratory and prospective injunctive relief against defendant Ron Curry, in his official capacity as Secretary of the New Mexico Environment Department." Amended Complaint for Violation of Civil Rights ¶ 1, at 1, filed July 3, 2007 (Doc. 36)("Amended Complaint").

The Amended Complaint makes two factual allegations mentioning Curry. The first states: "Curry, in his capacity as Secretary of NMED, has failed to instruct, supervise and control its officers and employees regarding the unconstitutionality of warrantless and unreasonable searches and seizures, and the unconstitutionality of discriminating against an entity with malicious intent

for which there is no legitimate reason." Amended Complaint ¶ 21, at 4. The second states: "The actions of Morris, Yantos, McElroy and Uhl and the NMED as described above were taken pursuant to policies, procedures, or practices of NMED and were condoned, approved, and/or ratified by Curry, in his official capacity as Secretary of the NMED." Amended Complaint ¶ 22, at 5.

The Amended Complaint includes three counts. Count I alleges "[t]he actions of Yantos and Morris, acting individually, but at all times under color of law, violated Copar's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, Section 10 of the New Mexico Constitution." Amended Complaint ¶ 24, at 5. In Count I, Copar Pumice alleged that, "[a]s a direct and proximate result of the violations of its clearly established constitutionally protected rights to be free from unreasonable searches and seizures, Copar has been damaged for which Yantos and Morris are jointly and severally liable." Id. ¶ 25, at 5. Count I makes no mention of Curry other than by incorporating the preceding paragraphs.

Count II alleges that "[t]he actions of McElroy and Uhl, acting individually, but at all times under color of law, violated Copar's clearly established rights to equal protection under the Fourteenth Amendment to the United States Constitution and Article 2, Section 18 of the New Mexico Constitution." Amended Complaint ¶ 28, at 6. Count II also alleges that "McElroy and Uhl are jointly and severally liable" for damages under this Count, again making no mention of Curry, other than by incorporating the preceding paragraphs. Amended Complaint ¶ 31, at 6.

Count III seeks injunctive and declaratory relief against the NMED, "enjoining the department from engaging in warrantless searches and seizures of [Copar's] records, and from singling out Copar for persecution," and "declaring as unconstitutional Curry's policies, procedures and practices regarding the search and seizure of a business' records without a warrant and without

permission." Amended Complaint ¶¶ 34, 37, at 7. Count III contends that "[a] real and actual controversy exists between Copar and Curry, in his official capacity as Secretary of the NMED." Amended Complaint ¶¶ 35-36, at 7.

In the prayer for relief, Copar Pumice seeks, in relevant part, "direct, incidental, consequential and punitive damages in an amount to be proved at trial against Defendants Morris, Yantos, Uhl and McElroy." Amended Complaint ¶ 1, at 7. Copar Pumice also requests "reasonable attorney's fees and costs incurred in connection with the prosecution of this civil rights action pursuant to 42 U.S.C. Section 1988." Amended Complaint ¶ 1, at 7. Copar Pumice further seeks prospective injunctive relief against the NMED, prohibiting from conducting warrantless searches, and declaratory relief that the search and seizure of Copar Pumice's records was unconstitutional. See Amended Complaint ¶¶ 23-37, at 5-7. The prayer made no mention of Curry.

On August 28, 2006, the Court dismissed Copar Pumice's prospective injunctive relief claim against the NMED under Count III, because the Eleventh Amendment forecloses such relief. See Memorandum Order and Opinion, filed September 10, 2007 (Doc. 54). The Court also dismissed Count II of Copar Pumice's Amended Complaint, the equal-protection claims advanced against Uhl and McElroy, pursuant to the Defendants' Motion for Summary Judgment Based on Qualified Immunity. See Memorandum Opinion and Order, filed May 11, 2009 (Doc. 94).

The Court held a jury trial regarding Count I, Copar Pumice's claim for damages. At trial, the Court gave the jury instructions regarding finding only whether Morris and Yantos are liable for damages. See Court's Final Jury Instructions (Given) Nos. 27, 33, at 27, 33, filed July 8, 2009 (Doc. 128). Similarly, the Court instructed the jury only on finding whether Morris and Yantos violated Copar Pumice's constitutional rights under the Fourth and Fourteenth Amendments. See Court's

Final Jury Instructions (Given) Nos. 15, 19, at 15, 19. The Court gave the jury no instruction mentioning Curry. The jury found that only Morris and Yantos violated Copar Pumice's rights. <u>See</u> Redacted Jury Verdict ¶¶ 1-2, at 1, filed July 8, 2009 (Doc. 131). Curry's name was not mentioned on the verdict form, and the jury made no findings about Curry.

By stipulation and waiver, the parties agreed that the Court would adjudicate three issues: (i) the declaratory and injunctive relief sought in Count III; (ii) claims against Morris and Yantos under Article 2, Section 10 of the New Mexico Constitution; and (iii) claims for damages for costs and attorney fees arising from the defense of administrative penalty proceedings at the state level. <u>See</u> Stipulation and Waiver Regarding Jury Trial of Certain Claims, filed July 7, 2009 (Doc. 124). Copar Pumice submitted Plaintiff's Proposed Findings of Fact and Conclusions of Law, filed August 21, 2009 (Doc. 146)("Proposed FOF-COL"). In the Proposed FOF-COL, Copar Pumice asserted it was "entitled to a permanent injunction against Secretary Curry prohibiting him from using the evidence, information or seized documents obtained during the August 28 search and seizure." Proposed FOF-COL ¶ 37, at 11. <u>Accord id.</u> ¶¶ 20, 23, at 15, 16. Copar Pumice further asserted that the Court has jurisdiction over Curry, and that he "is the final decision maker in the administrative proceeding pending before him entitled <u>Environmental Protection Division v. Copar Pumice Company, Inc.</u>, Case No. AQCA-07-39(CO) brought by the Department against Copar Pumice." Proposed FOF-COL ¶¶ 16-17, at 14.

The Court held an evidentiary bench trial on July 31, 2009. The Court, thereafter, issued its Findings of Fact, Conclusions of Law, and Order, filed October 23, 2009 (Doc. 158)("FOF-COL"). The Court stated:

> Because the Court is bound by the jury's determination that Morris and Yantos violated Copar Pumice's Fourth Amendment right when it unlawfully conducted a

search and seizure at the El Cajete mine, and because the New Mexico Constitution protects individuals even more broadly from unlawful searches and seizures, the Court finds that Morris and Yantos also violated Article II, Section 10 of the New Mexico Constitution when it inspected Copar Pumice's El Cajete site on August 29, 2006.

FOF-COL at 2.  Noting that the Court dismissed the prospective injunctive relief claims against the NMED, the Court considered "the injunctive relief claim . . . solely against Curry, in his official capacity as the Secretary of the NMED."  FOF-COL ¶ 68, at 12.  The Court denied Copar Pumice's request for a permanent injunction prohibiting Curry from using evidence gathered on August 28, 2006 and its request for declaratory relief.  See FOF-COL at 36.

On October 27, 2010, the Court filed a Final Judgment.  Among other things, the Final Judgment identified Curry as violating Copar Pumice's rights pursuant to the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution, stating:

> The Court finds in favor of Plaintiff Copar Pumice and against Defendants Allan Morris, David Yantos, and Ron Curry, on the issue whether there was a violation of the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution, and orders that Defendants pay Copar Pumice damages in the form of attorneys' fees and costs in the amount of $16,218.15 and nominal damages in the amount of $1.00.

Final Judgment at 1-2.[1]

In the course of preparing their docketing statement and opening brief, the Defendants discovered that Ron Curry was incorrectly identified in the Final Judgment.  The Defendants moved the Tenth Circuit for leave to move this Court to correct the Final Judgment.  See Defendants'

---

[1] Given leave to do so, the Court would amend the Final Judgment to state: The Court finds in favor of Plaintiff Copar Pumice and against Defendants Allan Morris and David Yantos on the issue whether there was a violation of the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution, and orders that Defendants pay Copar Pumice damages in the form of attorneys' fees and costs in the amount of $16,218.15 and nominal damages in the amount of $1.00.

Motion for Leave to File Rule 60(a) Pleading with the Federal District Court for the District Court for the District of New Mexico ¶ 19, at 5. The Tenth Circuit held that "[t]here is no need for a remand unless the district court indicates that it 'would grant the motion or that the motion raises a substantial issue.'" Copar Pumice Company, Inc. v. Allan Morris, No. 09-2296 (10th Cir. June 30, 2010)(quoting Fed. R. App. P. 12.1(a)).

Curry, Morris, and Yantos move the Court, pursuant to rule 60(a) of the Federal Rules of Civil Procedure, to correct a clerical error in the Court's Final Judgment. See Motion at 4. Copar Pumice opposes the Motion. See Plaintiff's Response in Opposition to Motion and Memorandum Pursuant to Rule 60(a) to Correct Final Judgment, filed August 3, 2010 (Doc. 191).

## LAW REGARDING RULE 60(a)

Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992). Rule 60(a) may be used to correct "what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record." Allied Materials Corp. v. Superior Products Co., 620 F.2d 224, 225-26 (10th Cir. 1980). "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Burton v. Johnson, 975 F.2d at 694. A correction should not require additional proof. See Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 226 (10th Cir.1982); McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir.1989). Rule 60(a) is not available to correct "something that was deliberately done" but "later

discovered to be wrong." <u>McNickle v. Bankers Life & Cas. Co.</u>, 888 F.2d at 682 (citations omitted). "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." <u>Wheeling Downs Race Track v. Kovach</u>, 226 F.R.D. 259, 262 (N.D.W. Va. 2004)(quoting <u>Dura-Wood Treating Co. v. Century Forest Indus.</u>, 694 F.2d 112, 114 (5th Cir. 1982)). "[W]hile the appeal is pending [such mistakes] may be so corrected with leave of the appellate court." Fed. R. Civ. P. 60(a).

## <u>ANALYSIS</u>

If the Court had jurisdiction to grant the motion, the Court would grant the Defendant's Motion Pursuant to Rule 60(a) to Correct Final Judgment. The Court's inclusion of Curry among the Defendants liable for violating Copar Pumice's constitutional rights was a clerical error and not an affirmative finding of liability as to Curry. The Court's error is manifest upon reviewing the record. Copar Pumice did not seeks damages from Curry. Neither the Court nor the jury found Curry liable for violating Copar Pumice's constitutional rights, and no evidence supports such a finding.

The Defendants argue that the Court committed a clerical error when it included Curry's name on the Final Judgment as a party that is liable for the violating Copar Pumice's rights under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. <u>See</u> Motion at 1. They assert that "the record . . . is totally devoid of any such determination by the jury or the Court." Motion ¶ 3, at 2. The Defendants argue that the Court's error is evident because Copar Pumice did not seeks damages from Curry in its Amended Complaint, and neither the jury nor the Court made findings of fact that would support holding Curry liable for violating Copar Pumice's state and federal constitutional rights. <u>See</u> Motion at 3-4. The Defendants

assert that, "[p]ursuant to the uncontroverted record, an Amended Judgment should be entered forthwith which deletes Ron Curry as having violated Plaintiff Copar's rights protected by the Fourth Amendment and New Mexico Constitution."  Motion at 4.

Copar Pumice argues that the Court did not commit a clerical error.  It asserts that, because the Defendants stipulated, and the Court found, that Curry is a decision maker, "it only follows" that Curry is liable for his employee's unconstitutional conduct.  Response at 3.  The Defendants agreed the following was an accurate statement of Curry's responsibilities:

> Defendant Ron Curry ("Curry") is the Secretary of the New Mexico Environment Department ("NMED"), an agency of the State of New Mexico created pursuant to N.M.S.A. § 9A-7-4 (1978).  Defendant Curry is sued in this official capacity.  Defendant Curry, in his official capacity as Secretary of NMED, is the final decision-maker to develop and implement policies, procedures and practices, to train and supervise NMED employees and officers, and to ratify conduct of NMED's employees and officers who was [sic] acting under color of state law at all material times.

Pretrial Order ¶ 4, at 10, filed June 23, 2009 (Doc. No. 98).  The Court adopted similar language in its FOF-COL: "Ron Curry is the Secretary of the NMED and the final decision-maker in developing and implementing policies, procedures, and practices, in training and supervising NMED employees and officers, and in ratifying conduct of NMED's employees and officers.  Curry acted under color of state law at all material times."  FOF-COL ¶ 8, at 3 (citing Pretrial Order ¶ 4, at 10).  Based on this finding, Copar Pumice argues that, "if employees of the NMED are liable for an unconstitutional search and seizure, it only follows that the head of the Department, with the duty to train, supervise and ratify their conduct, ought to be liable as well."  Response at 3.  That statement does not, however, accurately state the law, and to establish supervisor liability, a plaintiff must show causation.  See Holland v. Harrington, 268 F.3d 1179, 1187 (10th Cir. 2001)(stating that a supervisor "may be held liable for the alleged unconstitutional acts of his subordinates if plaintiffs-appellees

demonstrate an 'affirmative link' through facts showing that he actively participated or acquiesced in the constitutional violation").  Copar Pumice never asserted a claim of supervisory liability against Curry as Secretary of the NMED, such a claim was not presented to the jury by way of evidence or argument, and such a claim was never presented to the Court.  The record is barren of evidence that would support a finding that the unconstitutional conduct resulted from policy, or from a failure to train or supervise.  Furthermore, in denying Copar Pumice injunctive relief, the Court found that the Defendants' unconstitutional behavior was an "isolated incident rather than a deliberate policy" because the NMED requires consent before inspection.  FOF-COL ¶ 37, at 27-28.  At the August 24, 2010 hearing, Copar Pumice conceded that "there was no supervisory liability claim with respect to Curry."   Transcript of Hearing at 21:12-15 (taken August 24, 2010)(Manges)("Tr.").[2]  Accordingly, the Court rejects Copar Pumice's assertion that the Court held Curry liable on the basis of supervisor liability.

Copar Pumice further argues "that the law in this circuit is well-established that a determination of liability cannot constitute a 'clerical' error to be corrected under Rule 60(a)."  Response at 2.  A review of the record, however, makes clear that no "determination of liability" was ever made as to Curry.  Consequently, the Court committed a clerical error when it included Curry's name on the Final Judgment as being liable for violating Copar Pumice's rights under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution.  The Court's recognition that it made a clerical error is not an attempt to "clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect."  Burton v. Johnson, 975 F.2d at 694.  Rather, the Court seeks to

---

[2] The Court's citation to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

correct an error "issued due to inadvertence or mistake."  Burton v. Johnson, 975 F.2d at 694.

Copar Pumice concedes that Rule 60(a) is an appropriate vehicle for adding an errantly omitted party to a judgment.  See Response at 3.  By the same token, it is an appropriate vehicle for striking an errantly included name.  See Wheeling Downs Race Track v. Kovach, 226 F.R.D. at 262 ("Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." (quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d at 114)).

A review of "the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." Wheeling Downs Race Track v. Kovach, 226 F.R.D. at 262 (quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d at 114).  First, Copar Pumice did not allege that Curry violated its constitutional rights, but sought only injunctive and declaratory relief against Curry -- a request that the Court denied.  See FOF-COL at 36.  Copar Pumice states in its Amended Complaint: "Plaintiff seeks monetary damages against the individual defendants, and declaratory and prospective injunctive relief against defendant Ron Curry, in his official capacity as Secretary of the New Mexico Environment Department."  Amended Complaint ¶ 1, at 1.  Copar Pumice makes two factual allegations mentioning Curry.  The first states: "Curry, in his capacity as Secretary of NMED, has failed to instruct, supervise and control its officers and employees regarding the unconstitutionality of warrantless and unreasonable searches and seizures, and the unconstitutionality of discriminating against an entity with malicious intent for which there is no legitimate reason."  Amended Complaint ¶ 21, at 4.  The second states: "The actions of Morris, Yantos, McElroy and Uhl and the NMED . . . were taken pursuant to policies, procedures, or practices of NMED and were condoned, approved, and/or ratified by Curry, in his official capacity

as Secretary of the NMED."   Amended Complaint ¶ 22, at 5.   These two paragraphs lay the groundwork for a claim of supervisor liability against Curry, but Copar Pumice never asserted such a claim.

Copar Pumice includes three counts in its Amended Complaint, the second of which was dismissed, see Memorandum Order and Opinion, filed September 10, 2007, and the third denied, see FOF-COL at 36.   The allegations under Count I and Count II in the Amended Complaint make no mention of Curry, other than by incorporating the previous paragraphs.   Only in Copar's requests for injunctive relief is Curry mentioned.   In Count I, Copar Pumice's Fourth Amendment claim and its claim under Article 2, Section 10 of the New Mexico Constitution were brought against Morris and Yantos only.   Count I alleges that "[t]he actions of Yantos and Morris, acting individually, but at all times under color of law, violated Copar's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 2, Section 10 of the New Mexico Constitution."   Amended Complaint ¶ 24, at 5.   Only in Count III does Copar Pumice name Curry when it seeks injunctive and declaratory relief against the NMED "enjoining the department from engaging in warrantless searches and seizures of [Copar's] records, and from singling out Copar for persecution," and "declaring as unconstitutional Curry's policies, procedures and practices regarding the search and seizure of a business' records without a warrant and without permission."   Amended Complaint ¶¶ 34, 37, at 7.   Count III contends that "[a] real and actual controversy exists between Copar and Curry, in his official capacity as Secretary of the NMED."   Amended Complaint ¶¶ 35-36, at 7.   Copar Pumice also made no mention of Curry in its prayer for relief.   Thus, Copar Pumice never sought damages from Curry, and never argued that Curry violated its rights under the Fourth Amendment or under Article 2, Section 10 of the New Mexico Constitution.

Second, the jury made no finding that Curry violated Copar Pumice's constitutional rights. The Court instructed the jury only that it could find Morris and Yantos liable for damages.  <u>See</u> Court's Final Jury Instructions (Given) Nos. 27, 33, at 27, 33.  Similarly, the Court instructed the jury only on finding whether Morris and Yantos violated Copar Pumice's constitutional rights.  <u>See</u> Court's Final Jury Instructions (Given) Nos. 15, 19, at 15, 19.  The Court did not give the jury any instruction mentioning Curry.  The verdict form named only Morris and Yantos, and the jury found only that Morris and Yantos violated Copar Pumice's rights.  <u>See</u> Redacted Jury Verdict ¶¶ 1-2, at 1.  the verdict form does not mention Curry's name, and the jury made no findings regarding Curry.

Third, Copar Pumice's Proposed FOF-COL do not ask the Court to find liability for damages against Curry or that Curry violated Copar Pumice's constitutional rights.  In Copar Pumice's Proposed FOF-COL, Copar asks only that the Court find that Copar Pumice is "entitled to a permanent injunction against Secretary Curry prohibiting him from using the evidence, information or seized documents obtained during the August 28 search and seizure."  Proposed FOF-COL ¶ 37, at 11.  <u>Accord</u> <u>id.</u> ¶¶ 20, 23, at 15-16.  Under the heading "Injunctive Relief," Copar Pumice asserts that "Secretary Curry is the final decision maker in the administrative proceeding pending before him entitled <u>Environmental Protection Division v. Copar Pumice Company, Inc.</u>, Case No. AQCA-07-39(CO) brought by the Department against Copar Pumice."  Proposed FOF-COL ¶ 17, at 14.  Copar Pumice did not assert a claim of supervisor liability.  Copar Pumice's Proposed FOF-COL, thus, further reveals that it did not seek damages from Curry or allege he violated its constitutional rights.

Fourth, the Court's Findings of Fact and Conclusions of Law reveal no basis for finding that

Curry violated Copar Pumice's constitutional rights, or holding him liable for damages.[3]  The parties

---

[3] The Court made the following findings of fact mentioning Curry:

Ron Curry is the Secretary of the NMED and the final decision-maker in developing and implementing policies, procedures, and practices, in training and supervising NMED employees and officers, and in ratifying conduct of NMED's employees and officers. Curry acted under color of state law at all material times.

. . . .

Copar Pumice made three claims: . . . (iii) Copar Pumice is entitled to prospective injunctive relief from Curry and NMED conducting warrantless searches, and declaratory relief that the search and seizure of Copar Pumice's mine was unconstitutional.

. . . .

As a result of the inspection and removal of documents from the Copar Pumice mine site, on January 23, 2007, Copar Pumice filed a Complaint against Morris, Yantos, and Defendant Ron Curry, Secretary of NMED.

. . . .

The Court previously dismissed the prospective injunctive relief claims against the NMED . . . .  Consequently, the injunctive relief claim is solely against Curry, in his official capacity as the Secretary of the NMED.

. . . .

Morris and Yantos obtained evidence during the course of their August 28, 2006 search and seizure of documents which resulted in the filing of Compliance Order No. AQCA 07-39 pending before the NMED and Secretary Curry.

. . . .

Copar Pumice seeks a permanent injunction against Curry prohibiting him, and his employees, designees, or agents, from using any of the evidence, information, or documents seized or obtained during or as a result of the August 28, 2006 search and seizure in any administrative proceeding.

FOF-COL ¶¶ 8, 65, 67-68, 77, 79, 82, at 3, 11-12, 14, 15 (citations omitted).  The Court made the following conclusions of law mentioning Curry:

stipulated to waive any rights to a jury trial for Count III, the claim for injunctive and declaratory

relief -- the only count in which Copar Pumice named Curry in the Amended Complaint.  See

Stipulation and Waiver Regarding Jury Trial of Certain Claims ¶¶ 1-3.  The Court denied Copar

Pumice's claim for injunctive and declaratory relief.  See FOF-COL at 36.  Moreover, the Court's

findings refute the suggestion that the Court found liability as to Curry.  Based on the jury's verdict,

the Court found that Copar Pumice's constitutional rights were violated and calculated damages

based only on Morris' and Yantos' conduct.  The Court stated:

---

The Court has jurisdiction over Curry.

. . . .

Curry is the final decision maker in the administrative proceeding pending before him entitled Environmental Protection Division v. Copar Pumice Company, Inc., Case No. AQCA-07-39 (CO) brought by NMED against Copar Pumice.

. . . .

Because the Court must give deference to NMED's enforcement of its policies and procedures, including its administrative hearing evidentiary procedures, and because the appropriate forum for appeal of the NMED's assessment is in the state courts and not in the federal district courts, the Court will not enjoin Curry from using evidence gathered during the August 28, 2006 inspection in NMED administrative proceedings.

. . . .

The Balance of the Hardships Weighs in Curry's Favor.

. . . .

The granting of a permanent injunction would hinder Curry and the NMED from performing its statutory functions in regulating certain industries through the issuance and enforcement of permit conditions.

FOF-COL ¶¶ 23, 24, 32, 50-55, at 23, 26, 29-30, 57 (citations omitted).

> Because the Court is bound by the jury's determination that Morris and Yantos violated Copar Pumice's Fourth Amendment right when it unlawfully conducted a search and seizure at the El Cajate mine, and because the New Mexico Constitution protects individuals even more broadly from unlawful searches and seizures, the Court finds that Morris and Yantos also violated Article II, Section 10 of the New Mexico Constitution when it inspected Copar Pumice's El Cajete site on August 29, 2006.

FOF-COL at 2.  In a footnote addressing attorney's fees, the Court stated that it based its calculation of attorneys' fees -- as part of Copar Pumice's damages claim[4] -- on Morris' and Yantos' unlawful conduct, stating: "[I]t was Morris and Yantos' unlawful conduct that caused the litigation of the search-and-seizure issue in the administrative proceedings.  The Court finds it is proper to award fees and costs associated with all aspects of the August 28, 2006 [unconstitutional search]."  FOF-COL at 33 n.7.  The Court further explained that it calculated the attorney's fees based on "review[ing] all testimony and argument in the March, 2009, administrative proceeding and attempted to determine which violations arose exclusively from the August 28, 2006, inspection, and not through the subsequent inspections on September 19, 2006 and March 6, 2007."  FOF-COL at 33 n.8.

Finally, the clearest evidence that Curry's name was included in error on the Final Judgment is found in comparing the Final Judgment to the order in the FOF-COL.  The Court's FOF-COL stated: "**IT IS ORDERED** that Alan Morris and David Yantos' violated Copar Pumice's rights under Article II, Section 10 of the New Mexico Constitution, and Copar Pumice is entitled to damages in the amount of $16,218.15, which represents its attorneys' fees and expenses, including gross taxes."  FOF-COL at 36.  No mention was made of Curry.  The substance of this order is

---

[4] The Court will not decide whether to award attorney's fees to Copar Pumice while the parties have an appeal pending before the Tenth Circuit.  See Plaintiff's Renewed and Supplemental Motion for Attorney Fees and Related Nontaxable Expenses, filed November 17, 2009 (Doc. 161).

identical to the Final Judgment, except that it correctly omits Curry as a liable party. The Final

Judgment states:

> The Court finds in favor of Plaintiff Copar Pumice and against Defendants Allan
> Morris, David Yantos, and Ron Curry, on the issue whether there was a violation of
> the Fourth Amendment of the United States Constitution and Article II, Section 10
> of the New Mexico Constitution, and orders that Defendants pay Copar Pumice
> damages in the form of attorneys' fees and costs in the amount of $16,218.15 and
> nominal damages in the amount of $1.00.

Final Judgment at 1-2. This language makes clear from its face that only through a clerical error did

Curry's name appear on the Final Judgment. The Court's clerical error does not require additional

findings of proof or reflect an attempt to "correct something that was deliberately done but later

discovered to be wrong." In re Craddock, 149 F.3d at 1254 n. 4 (citing McNickle v. Bankers Life

& Cas. Co., 888 F.2d at 682). Rather, the inclusion of Curry as a liable party on the final judgment

was a clerical error because the thing written was not what the Court meant to write. See In re

Craddock, 149 F.3d at 1254 n. 4. A review of the record makes this abundantly clear. See Wheeling

Downs Race Track v. Kovach, 226 F.R.D. at 262 (quoting Dura-Wood Treating Co. v. Century

Forest Indus., 694 F.2d at 114). Thus, given leave to do so, the Court will strike Curry's name from

the Final Judgment.

   **IT IS ORDERED** that, if the United States Court of Appeals for the Tenth Circuit gives the

Court leave to do so, the Court will grant the Defendant's Motion Pursuant to Rule 60(a) to Correct

Final Judgment, filed July 16, 2010 (Doc. 189).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joseph E. Manges
Sharon W. Horndeski
John Indall
Comeau, Malgeden, Templeman & Indall, LLP
Santa Fe, New Mexico

  *Attorneys for the Plaintiff*

Jerry A. Walz
Marcus Serna
Walz and Associates
Cedar Crest, New Mexico

  *Attorneys for the Defendant*s